## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOCELYN LISA DOYLE,
                Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
PH-3443-17-0116-I-1

DATE: November 15, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jocelyn Lisa Doyle, Boonsboro, Maryland, pro se.

Julie Rebecca Zimmer, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her nonselection for a Lead Dental Assistant position in the agency's Martinsburg, West Virginia facility. On petition for review, the appellant renews her argument that, in failing to select her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for the position, the agency applied employment practices that violated basic requirements set forth in 5 C.F.R. § 300.103, and thus she is entitled to a hearing regarding her nonselection.  Petition for Review (PFR) File, Tab 1 at 4, Tab 5 at 4-8.[2]  She further alleges that the agency violated her rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA) and seeks to file an individual right of action (IRA) appeal, alleging that she has new evidence that management has retaliated against her for whistleblowing.  PFR File, Tab 1 at 4-5, Tab 5 at 8-10.

¶2        Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review with respect to her claims that the agency violated a requirement of 5 C.F.R.

---

[2] The appellant makes additional arguments regarding her nonselection that we do not consider because she first raised the arguments in her reply to the agency's opposition to her petition for review and has not shown that they are based on new and material evidence not previously available despite her due diligence.  PFR File, Tab 5 at 4-8; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Moreover, her arguments are not relevant to the issue of whether the Board has jurisdiction over her employment practices claim.

§ 300.103 or USERRA.[3]  Accordingly, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  We FORWARD the appellant's claims of whistleblower reprisal to the Board's Northeastern Regional Office to docket as a new IRA appeal.

¶3      The administrative judge provided the appellant with an opportunity to identify her claims regarding the nonselection as retaliation for whistleblowing, but she did not do so, instead advancing the above-referenced employment practices claim.  Initial Appeal File (IAF), Tab 2 at 4-5, Tab 5 at 3-4.  On review, the appellant has clarified that she is alleging that her nonselection and a subsequent removal from her duties as a Dental Assistant were taken in reprisal for whistleblowing, and she seeks to file an IRA appeal.[4]  PFR File, Tab 1 at 4-5, Tab 5 at 8-10.  The appellant also filed a separate IRA appeal with the Board's Northeastern Regional Office that contained related claims of reprisal.  *Doyle v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-18-0012-W-3, Initial Decision (June 29, 2019).  Following a court ordered remand in that matter, *Doyle v. Department of Veterans Affairs*, 855 F. App'x 753 (Fed. Cir. 2021), the administrative judge granted the appellant's request for corrective action as to the agency's decision to convene the Administrative Investigation Board to investigate the appellant, her temporary reassignment to the mailroom and library, and her reassignment to the Advanced Medical Support Assistant position.  *Doyle v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-18-0012-M-1, Remand Initial Decision (Dec. 14, 2021).  The remand initial

---

[3] Although the appellant alleges on review that the agency violated USERRA, we find that the administrative judge properly concluded that the appellant is not a veteran, and she has not indicated that she is a member of a uniformed service, performed duty in a uniformed service, or has an obligation to perform such a duty.  *See* Initial Appeal File, Tab 12 at 53,Tab 31, Initial Decision at 2, 4; *see also* 38 U.S.C. § 4311(a).

[4] The appellant first alluded to these allegations in her prehearing statement, filed below.  IAF, Tab 19 at 14-16, 23-25.  However, we find that these allegations were not sufficiently clear for the administrative judge to conclude that the appellant was raising a claim of retaliation for whistleblowing.

decision became the final decision of the Board when neither party filed a petition for review. In forwarding the claims of whistleblower reprisal raised by the appellant in the instant matter for docketing as a new IRA appeal, the Board makes no finding on the preclusive effect of the court decision or remand initial decision on the forwarded claims.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.